O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| LADELL MARTEZ EDMONDSON,<br><br>  Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Operations, performing duties and functions not reserved to the Commissioner of Social Security,[1]<br><br>  Defendant. | Case No. ED CV 16-02644-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Ladell Martez Edmondson ("Plaintiff") appeals from the Social Security Commissioner's final decision denying his application for disability insurance benefits ("DIB"). For the reasons discussed below, the Commissioner's decision is affirmed and this matter is dismissed with prejudice.

///

---

[1] On January 23, 2017, Berryhill became the Acting Social Security Commissioner. Thus, she is automatically substituted as defendant under Federal Rule of Civil Procedure 25(d).

# I.

# BACKGROUND

Plaintiff filed a DIB application on January 25, 2011. See Administrative Record ("AR") 341-48. Plaintiff alleged in his application that his disability began in 2010.[2] See AR 341. After his application was denied, he requested a hearing before an administrative law judge ("ALJ"). See AR 170. At a December 2012 hearing, the ALJ heard testimony by a vocational expert ("VE") and Plaintiff, who was represented by counsel. See AR 81-130. The ALJ issued a decision denying benefits on January 2, 2013. See AR 134-48. Plaintiff requested review, and the Appeals Council reversed and remanded the decision for further administrative proceedings. See AR 153-56, 255. At the remand hearing on August 18, 2015, a different ALJ heard testimony from a medical expert, a VE, and Plaintiff, who was represented by counsel. See AR 41-77.

On October 30, 2015, the second ALJ again denied Plaintiff's application. See AR 13-33. The ALJ concluded that Plaintiff's date last insured was June 30, 2014. See AR 19. The ALJ found that Plaintiff had not engaged in substantial gainful activity since February 25, 2009, and that Plaintiff has severe impairments of degenerative disc disease of the lumbar spine with sprain/strain and left and right inguinal hernias. See id. Despite Plaintiff's impairments, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work with the following limitations: he can stand and walk for four hours out of eight with a sit/stand option; he can sit for six hours out of eight; and he can do postural activities occasionally. See AR 22.

Based on the VE's testimony, the ALJ found that given Plaintiff's age,

---

[2] Plaintiff later amended his alleged disability onset date to February 25, 2009. See AR 89-90.

education, work experience, and RFC, Plaintiff could perform his past relevant work as a security guard and could alternatively work as a cashier or an assembly worker. See AR 31-32. Thus, the ALJ found that Plaintiff was not disabled. See AR 33.

The Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 1-4. Plaintiff sought judicial review in this Court. See Dkt. 1.

## II.
## DISCUSSION

Plaintiff argues that the ALJ improperly considered the opinions of his treating chiropractor, his treating physician, and the testifying medical expert. See Dkt. 19, Joint Stipulation ("JS") at 4.

**A.  Applicable Law**

Three types of physicians may offer opinions in Social Security cases: those who treated the plaintiff, those who examined but did not treat the plaintiff, and those who did neither. See 20 C.F.R. § 404.1527(c); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (as amended Apr. 9, 1996).[3] A treating physician's opinion is generally entitled to more weight than that of an examining physician, which is generally entitled to more weight than that of a

---

[3] Social Security Regulations regarding the evaluation of opinion evidence were amended effective March 27, 2017. Where, as here, the ALJ's decision is the final decision of the Commissioner, the reviewing court generally applies the law in effect at the time of the ALJ's decision. See Lowry v. Astrue, 474 F. App'x 801, 804 n.2 (2d Cir. 2012) (applying version of regulation in effect at time of ALJ's decision despite subsequent amendment); Garrett ex rel. Moore v. Barnhart, 366 F.3d 643, 647 (8th Cir. 2004) ("We apply the rules that were in effect at the time the Commissioner's decision became final."). Accordingly, the Court applies the versions of 20 C.F.R. §§ 404.1527 and 416.927 that were in effect at the time of the ALJ's October 2015 decision.

3

nonexamining physician. <u>Lester</u>, 81 F.3d at 830. When a treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing reasons." See <u>Carmickle v. Comm'r, Soc. Sec. Admin.</u>, 533 F.3d 1155, 1164 (9th Cir. 2008) (citing <u>Lester</u>, 81 F.3d at 830-31). Where such an opinion is contradicted, the ALJ may reject it for "specific and legitimate reasons that are supported by substantial evidence in the record." <u>Id.</u> (citations omitted); see also <u>Garrison v. Colvin</u>, 759 F.3d 995, 1012 (9th Cir. 2014). Moreover, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." <u>Thomas v. Barnhart</u>, 278 F.3d 947, 957 (9th Cir. 2002); <u>accord</u> <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1149 (9th Cir. 2001); see also <u>Morgan v. Comm'r of Soc. Sec. Admin.</u>, 169 F.3d 595, 600 (9th Cir. 1999) ("Opinions of a nonexamining, testifying medical advisor may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it."). The weight accorded to a physician's opinion depends on whether it is consistent with the record and accompanied by adequate explanation, the nature and extent of the treatment relationship, and the doctor's specialty, among other things. See 20 C.F.R. § 404.1527(c)(2)-(6); <u>Orn v. Astrue</u>, 495 F.3d 625, 631 (9th Cir. 2007).

**B.    Analysis**

    **1.    Opinion of Treating Chiropractor**

Plaintiff contends that the ALJ erroneously failed to discuss the medical opinion of Plaintiff's treating chiropractor, Dr. Gary Weessies. See JS at 4-8. Specifically, Plaintiff argues that the ALJ should have cited to Dr. Weessies's finding that Plaintiff could not bend or stoop. See <u>id.</u> at 8. While the ALJ did not address Dr. Weesies's opinion separately, he noted that it was one of several opinions generated in the context of Plaintiff's workers' compensation claim and noted that those proceedings are "adversarial" and often result in

4

"biased . . . not . . . objective" opinions. AR 29. The ALJ also noted that the physicians who gave those opinions "generally saw [Plaintiff] on one or two occasions." Id.

Under the Social Security Regulations, a chiropractor is not an "acceptable medical source." 20 C.F.R. § 404.1513(a). Rather, a chiropractor is included in the list of medical professionals defined as "other sources." 20 C.F.R. § 404.1513(d). Although their opinions may be used to determine the severity of a claimant's impairments and how those impairments affect the ability to work, see id., such professionals are not considered to be the equivalent of treating physicians. See Jamerson v. Chater, 112 F.3d 1064, 1067 (9th Cir. 1997). To reject the testimony of such sources, the ALJ must only give "'reasons germane to each witness for doing so.'" Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) (quoting Turner v. Comm'r of Soc. Sec., 613 F.3d 1217, 1224 (9th Cir. 2010)). If an ALJ errs by rejecting an opinion from an "other" source without providing a germane reason, that error is harmless if the Court can "conclude from the record that the ALJ would have reached the same result absent the error." Molina, 674 F.3d at 1115; accord Marsh v. Colvin, 792 F.3d 1170, 1172 (9th Cir. 2015).

The record shows that Dr. Weesies evaluated Plaintiff in 2010 in connection with his workers' compensation case. See AR 707-12. The records do not reflect any treatment by Dr. Weesies. See id. The ALJ rejected Dr. Weesies's opinion because it was one of several opinions based on a limited treatment history and arising from Plaintiff's workers' compensation case. See AR 29. Both reasons are germane to Dr. Weesies and supported by the record.

Moreover, any error in the ALJ's treatment of the chiropractor's opinion was harmless. See Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006) (holding ALJ's error is harmless where such error is inconsequential to ultimate non-disability determination). The ALJ assigned

significant weight to the opinion of testifying medical expert Dr. Eric Schmitter, who determined after reviewing the medical records that Plaintiff could perform "occasional . . . bending [and] stooping." AR 27. The ALJ also discussed at length and gave some weight to the opinions of agreed medical examiner Dr. David Kim and examining physician Dr. John Simmonds, who respectively reported that Plaintiff should not engage in "repetitive bending and stooping" but that he could do so "on an occasional basis." AR 26, 28-29, 490, 647. These medical opinions contradict Dr. Weessies's unexplained determination, and Plaintiff has not shown how his chiropractor's findings are otherwise consistent with the objective medical record. See Social Security Ruling ("SSR") 06-03p, 2006 WL 2329939, at *1, *4-5 (Aug. 9, 2006) ("How consistent the opinion is with other evidence" and "[h]ow well the source explains the opinion" are relevant factors in weighing opinion of medical sources like chiropractors, who are not "acceptable medical sources" under the regulation), rescinded for claims filed after March 27, 2017, 2017 WL 3928298. Absent a showing by Plaintiff on how the ALJ's error would result in a different outcome, reversal is not warranted on this ground. See Burch v. Burnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless."); Dubois v. Colvin, 649 F. App'x 439, 442 (9th Cir. 2016) (noting that "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination" (citation omitted)).

### 2. **Opinion of Treating Physician**

Plaintiff next argues that the ALJ erred by assigning little weight to the July 2015 assessment of Plaintiff's treating physician, Dr. Michael Esposito. See JS at 12. Plaintiff contends that Dr. Esposito's medical opinion is highly probative because he first examined Plaintiff only two days after Plaintiff's date last insured and because at least some of Dr. Esposito's medical opinions are

supported by the record. See id. at 12-16. The ALJ discredited Dr. Esposito's opinion because he diagnosed symptoms and limitations dating back to December 2008 (despite first examining Plaintiff in July 2014), made inconsistent and "nonsensical" assessments regarding sit/stand limitations, and overreached to conclude that Plaintiff could not perform "any type of job duties"—a determination reserved for the Commissioner. AR 30. The ALJ also noted that Dr. Esposito's assessment was inconsistent with the overall record, which includes contradicting testimony from an independent consulting physician. See id.

When a treating physician's opinion is contradicted by that of another doctor, the ALJ must provide "specific and legitimate reasons . . . supported by substantial evidence in the record" for rejecting the treating physician's opinion. Carmickle, 533 F.3d at 1164 (citation omitted). The ALJ did so here. The ALJ properly pointed out that Dr. Esposito's medical source statement, which he prepared over a year after Plaintiff's date last insured, made inherently inconsistent findings regarding Plaintiff's ability to sit and stand during a work day. Specifically, Dr. Esposito opined that Plaintiff could stand for only 15-20 minutes at one time and in an eight-hour workday, and yet, could also sit for only 10-15 minutes at one time and in an eight-hour workday. See AR 30. The ALJ also highlighted the apparent discrepancy in Dr. Esposito's diagnosis dating back precisely to "December 17, 2008," despite his not examining Plaintiff until July 2014. Id. The ALJ thus reasonably concluded that Dr. Esposito relied on Plaintiff's subjective complaints to determine when his symptoms arose. See id. These inconsistencies and Dr. Esposito's apparent reliance on Plaintiff's subjective complaints were legitimate and specific reasons for the ALJ to discount Dr. Esposito's medical opinion. See Barnard v. Comm'r of Soc. Sec. Admin., 286 F. App'x 989, 991 (9th Cir. 2008) (where there are conflicting physician opinions,

"inconsistencies in the [treating] doctor's opinion" and "reliance on [plaintiff's] subjective complaints" are specific and legitimate reasons to reject treating physician's testimony).

The ALJ also found that Dr. Esposito's opinion was inconsistent with the objective medical record—notably Dr. Esposito's own treatment notes and Plaintiff's MRI from November 2013. See AR 30. Dr. Esposito opined that Plaintiff could lift less than 10 pounds occasionally, needed to shift positions at will from sitting, standing, or walking, required regular 10- to 15-minute breaks every hour, could not bend, and would be absent from work at least three times a month. See AR 1090-93. The ALJ reasonably noted that these "severe" findings were not supported by Dr. Esposito's own physical examination—which suggested "mild" focal spinal stenosis and "moderate" mechanical back pain.[4] AR 30, 1084. The ALJ also discussed how Plaintiff's MRI findings from November 2013 only showed "mild" impairments, which were not indicative of a disabling condition. AR 30. Contrary to Plaintiff's assertion, the ALJ's reading of the November 2013 MRI is consistent with the findings of the medical expert who examined Plaintiff's November 2013 MRI and testified that it only showed "mild to moderate" changes in the lumbar spine and some canal stenosis. See AR 28, 51. The ALJ is ultimately responsible for resolving any conflicts in medical testimony and for resolving ambiguities in the record. See Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995). Where, as

---

[4] Plaintiff's reliance on Dale v. Colvin, 823 F. 3d 941, 945 (9th Cir. 2016), is misplaced. There, the Ninth Circuit held that an ALJ erred by discounting a source's entire testimony where the ALJ "divided the testimony into distinct parts and determined that only one part of the testimony is inconsistent." Id. Here, the ALJ did not divide Dr. Esposito's medical findings into distinct parts but gave little weight to his findings as a whole. See id. at 945 n.3 ("We need not decide whether an ALJ who has not divided an other source's testimony into distinct parts may discount that witness' entire opinion when only some of the opinion is inconsistent with evidence in the record.").

here, the ALJ properly synthesized any conflicting evidence, the Court must defer to the ALJ's determination. See id. Accordingly, the Court will not substitute its judgment for that of the Commissioner. See Reddick v. Chater, 157 F.3d 715, 720-21 (9th Cir. 1998). Remand is not warranted on this basis.

### 3. Opinion of Medical Expert

Last, Plaintiff disputes the ALJ's assessment of the testifying medical expert's opinion regarding Plaintiff's need for breaks during the workday. See JS at 21. Specifically, Plaintiff contends that the ALJ should have considered Dr. Schmitter's testimony that Plaintiff requires a 15-minute break for every hour of work. See id. at 21-22. While the ALJ did not explicitly address Plaintiff's need for a 15-minute work break, the ALJ noted that Dr. Schmitter did not require Plaintiff to take breaks "at-will" and clarified that Plaintiff did "need to take a break from sitting or being in the same position for too long at the workstation." AR 28. Thus, the ALJ assigned a sit/stand option as an accommodation for Plaintiff's need for occasional breaks. See id.

The Court defers to the ALJ's resolution of ambiguities in the record. See Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015). Courts may only disturb the Commissioner's decision to deny benefits if it is not supported by substantial evidence or if it is based on legal error. See id. Even if the ALJ commits legal error, the Court must uphold the Commissioner's determination if that error is "harmless." Id. (citing Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014)). Here, Plaintiff disputes the ALJ's interpretation of Dr. Schmitter's hearing testimony. But to the extent there were any ambiguities in that testimony, it was within the ALJ's province to resolve them. See id. The ALJ reasonably concluded that Plaintiff had a "need to take a break from sitting or being in the same position for too long at the workstation." AR 28. Moreover, this interpretation was supported by Dr. Schmitter's testimony that Plaintiff should have "intermittent breaks as needed

9

. . . as prescribed by the code" during the workday. AR 53. Absent a showing by Plaintiff that the ALJ's interpretation of Dr. Schmitter's testimony was irrational, the Court must defer to the ALJ and uphold the Commissioner's decision. See Thomas, 278 F.3d at 954 ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."); Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001) ("When the evidence can rationally be interpreted in more than one way, the court must uphold the Commissioner's decision."). Accordingly, remand is not warranted on this basis.

## III.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated: May 14, 2018

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge